# UNITED STATES DISTRICT COURT
## for the
## Southern District of Florida

GEORGE LONGMORE
    Plaintiff,

Case No:

vs.

CHASE BANK USA NA
    Defendant.



## COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) AND THE FLORIDA CONSUMER COLLECTIOT PRACTICES ACT FCCPA), FLA. STAT. §559

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C §1692k(d), Fla. Stat. §47.051, and 47 U.S.C. §227(b)(3) and 28 U.S.C §1331. This court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C §1367.

2. All conditions precedent to the bringing of this action has been performed.

### PARTIES

3. The Plaintiff in this lawsuit is GEORGE LONGMORE, (hereinafter "Plaintiff") a natural person, who resides in Broward County, Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

1

4. The Defendant in this lawsuit is CHASE BANK USA NA (hereinafter "CHASE") who conducts business in Broward County, FL. and has offices at 200 White Clay Center Dr. Newark, DE, 19711 and is a "creditor" as that term is defined by 15 U.S.C. § 1692a(4).

5. Defendant is authorized to conduct business in the State of Florida.

6. Defendant regularly uses the telephone in a business which the principal purpose is to offer or extend credit.

7. Defendant regularly offers or extends credit creating a debt or to whom a debt is owned.

8. Defendant is a "creditor" as defined in the FDCPA.

## VENUE

9. The occurrences which gave rise to this action occurred in Broward County, FL. and Plaintiff reside in Broward County, FL.

10. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §1391b and FLA. Stat. §559.77.

## FACTUAL ALLEGATIONS

11. There is no established business relationship between Plaintiff and Defendant.

12. Plaintiff has not applied for credit with Defendant.

13. Plaintiff has never given Defendant expressed written consent, verbal consent or electronic consent to be contacted by the use of automatic telephone dialing equipment.

14. Defendant is attempting to collect an alleged debt owed by Plaintiffs' son.

15. On August 19, 2016 Defendant began calling Plaintiffs home telephone using an "automated telephone dialing system" in an attempt to collect an alleged debt.

2

16. Defendant left voicemails on Plaintiff's home answering machine.

17. Defendant called Plaintiff's home phone \*\*\*-\*\*\*-1633 9 times and left 9 voicemails in an attempt to collect an alleged debt.

18. Before a voicemail can be left on Plaintiff's home telephone the person leaving the voicemail **MUST** listen to a recorded greeting which states: "You have reached \*\*\*-\*\*\*-1633. If this is an "Emergency" I can be reached at \*\*\*-\*\*\*-1602. Thank You."

19. On September 13, 2016 Defendant began calling Plaintiffs "Emergency" phone number without expressed written consent, expressed verbal consent or electronic consent using an automated telephone dialing system.

20. Defendant called Plaintiff's emergency phone \*\*\*-\*\*\*-1602 39 times and left 1 voicemail in an attempt to collect an alleged debt.

21. On October 18, 2016 Plaintiff spoke with Denzel (ID # V729458); a corporate representative for Defendant.

22. Plaintiff asked Denzel: "How did CHASE obtain my emergency phone number?"

23. Denzel replied: "Your number was Wrongly Updated into our system."

24. Plaintiff informed Denzel that he does not have an account with Chase and that the only way that they got his emergency phone number was from getting it from the message that he leaves on his home answering machine.

25. Denzel then transferred Plaintiff to Senior Service Specialist Frank (ID # L37213).

26. Frank informed Plaintiff that he would inform CHASE management to mitigate the circumstances in an attempt to prevent legal action.

27. Frank informed Plaintiff that he should get a response within 48 hours.

28. Chase never called Plaintiff back.

29. On October 23, 2016 Plaintiff called Defendant and spoke with Senior Service Specialist Patricia (ID # D953119) in a second attempt to mitigate the circumstances.

30. After several minutes on the phone with Patricia; her final response to me was: "Do what is best for you."

31. On October 25, 2016 Plaintiff emailed CEO of Chase Card Service Gordon Smith a "Notice of Pending Lawsuit."

32. Mr. Smith and no other member of Chase responded.

33. On October 26, 2016 Plaintiff mailed Defendant via FedEx Express tracking number 777 5763 8989 a "Notice of Pending Lawsuit".

34. On October 31, 2016 Plaintiff emailed CEO of JP Morgan Chase Jamie Dimon a "Notice of Pending Lawsuit."

35. Mr. Dimon and no other member of Chase responded.

## COLLECTION ACTIVITIES

36. From September 13, 2016 until October 5, 2016 Defendant, Chase willfully and knowingly called Plaintiff, GEORGE LONGMORE, using an "automatic telephone dialing system" in an attempt to collect an alleged debt without expressed written consent no less than 39 times.

37. From September 13, 2016 until October 5, 2016 Chase willfully and knowingly called Plaintiff, George Longmore on his emergency cell phone using an "automated telephone dialing system" for a non emergency no less than 39 times.

## SUMMARY

38. All of the above – described collection communications made to Plaintiff by Defendant, and collection employees employed by Defendant, were made in violation of numerous and multiple provisions of the TCPA, the FCCPA.

## CAUSES OF ACTION

## COUNT 1

### VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 U.S.C. 227b(1)(A)

39. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

40. Defendant called Plaintiffs' emergency cell phone without prior expressed written consent 39 times from September 13, 2016 until October 5, 2016 for a non emergency purpose.

41. Defendant willfully and knowingly violated TCPA 47 U.S.C. 227b(1)(A) by making calls (other than a call made for emergency purpose or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice.

Wherefore, Plaintiff demands judgment against CHASE BANK USA NA for actual, statutory and punitive damages, and fees and cost, along with any other further relief as the court deems just and proper, pursuant to 12 U.S.C. §1692k.

## COUNT 2

## VIOLATION OF TELEPHONE COMSUMER PROTECTION ACT (TCPA) 47 U.S.C. 227b(1)(A)(iii)

44. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

45. Defendant called Plaintiffs' emergency cell phone without prior expressed written consent 39 times from September 13, 2016 until October 5, 2016 for a non emergency purpose.

45. Defendant willfully and knowingly violated TCPA 47 U.S.C. 227b(1)(A)(iii) by making calls to any telephone number assigned to paging service, cellular telephone service, specialized mobile radio service, or other common radio carrier service, or any service for which the called party is charged for the call.

Wherefore, Plaintiff demands judgment against CHASE BANK USA NA for actual, statutory and punitive damages, and fees and cost, along with any other further relief as the court deems just and proper, pursuant to 12 U.S.C. §1692k.

## COUNT 3

## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559.72(7)

46. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

47. Defendant called Plaintiff's emergency cell phones without prior expressed written consent 39 times from September 13, 2016 until October 5, 2016.

48. Defendant violated FCCPA, FLA. STAT§559.72(7) by willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be

expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

49. Wherefore, Plaintiff demands judgment against CHASE BANK USA NA for actual, statutory and punitive damages, and fees and cost, along with any other further relief as the court deems just and proper, pursuant to 12 U.S.C. §1692k.

**Wherefore**, Plaintiff, George Longmore demands judgment against CHASE BANK USA NA for actual, statutory and punitive damages, and fees and cost, along with any other further relief as the court deems just and proper, pursuant to 12 U.S.C. §1692k.

### REQUEST FOR JURY

Plaintiff is entitled and hereby requests a trial by jury

Dated: November 10th, 2016

respectfully submitted,

George Longmore
*Pro se*
607 NW 155 Ter,
Pembroke Pines, Fl, 33028
(954) 871-1602
georgelongmore@comcast.net